UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW READY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | Docket No.: |
| SYNCHRONY BANK, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, ANDREW READY ("Plaintiff"), by her attorneys, and hereby alleges the following against SYNCHRONY BANK, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person residing in Limerick, Maine in York County.

5. Defendant is a business entity headquartered in Draper, Utah.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

7. Around July 2017, Plaintiff began receiving phone calls from Defendant on his cellular telephone.

8. Telephone number ▇▇▇▇▇▇▇▇ is assigned to Plaintiff's cell phone.

9. These calls are not for emergency purposes.

10. These calls are made in connection with a credit card account.

11. Defendant called plaintiff's cell phone on consecutive days, at least twice per day, including mornings, nights, and weekends.

12. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed these calls using an automatic telephone dialing system for purposes of the TCPA.

13. On or about July 5, 2017, Plaintiff spoke with Defendant and instructed Defendant to stop calling his cell phone.

14. Defendant continued to call Plaintiff's cell phone after July 5, 2017.

15. Defendant continued to place calls to Plaintiff's cell phone on consecutive days, at least twice per day, including mornings, nights, and weekends.

16. On or about August 10, 2017, Plaintiff spoke with Defendant and instructed Defendant again to stop calling his cell phone.

17. Defendant continued to call Plaintiff's cell phone after August 10, 2017.

18. Defendant continued to place calls to Plaintiff's cell phone on consecutive days, at least twice per day, including mornings, nights, and weekends.

19. Plaintiff estimates Defendant called his cell phone at least three hundred twenty-four (324) times.

20. Upon information and good faith belief, Defendant used an automatic telephone dialing system to place each and every call to Plaintiff's cell phone.

21. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

22. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

23. Defendant placed these calls voluntarily.

24. Defendant placed these calls under its own free will.

25. Defendant willfully used an automatic telephone dialing system to place these calls.

26. Plaintiff is annoyed and feels harassed by Defendant's calls.

## CLAIM FOR RELIEF
### Telephone Consumer Protection Act

27. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.oo for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) All court costs, witness fees and other fees incurred; and

(4) Awarding such other further relief as may be just, proper and equitable.

                                                            RESPECTFULLY SUBMITTED,

Dated: November 6, 2017               By: /s/ Douglas F. Jennings, Esq.
Douglas F. Jennings, Esq. (Maine Bar# 3544)
Walker & Jennings, PA
144 Water Street
Hallowell, ME 04347
dfjlaw@live.com
(207) 621-8188

Attorney for Plaintiff